IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| William Averta Rorie, | ) | Civil Action No. 4:12-894-TLW |
| | ) | Cr. No. 4:05-472 |
| Petitioner, | ) | |
| vs. | ) | ORDER |
| The United States of America, | ) | |
| Respondent. | ) | |

This matter comes before the Court for consideration of the pro se motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, William Averta Rorie (hereinafter "Petitioner" or "Defendant").

On April 26, 2005, a federal grand jury indicted Petitioner and additional co-defendants in a 14-count indictment. Petitioner was named in five counts of the Indictment which specifically charged him with one count of conspiracy to possess with intent to distribute and distribution of 50 grams or more of crack and 500 grams or more of cocaine in violation of 21 U.S.C. § 846 (Count 1); one count of possession with intent to distribute and distribution of a quantity of crack in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 841(b)(1)(C) (Count 8); one count of possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 10); one count of possession with intent to distribute 5 grams of more of crack in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 2 (Count 11); and one count of being a felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(1) (Count 12). (Doc. # 2). On May 27, 2005, the Government filed an Information pursuant to 21 U.S.C. § 851

1

notifying Petitioner that based on his South Carolina conviction for possession of cocaine he was subject to a statutory mandatory minimum of 20 years imprisonment under 21 U.S.C. § 841(b)(1)(A). (Doc # 67), Presentence Investigation Report ("PSI"), ¶ 7). On August 29, 2005, Petitioner pled guilty to the § 846 conspiracy count and the § 924(c) count for possession of firearms in furtherance of a drug trafficking crime. (Docs. # 83, # 85 & # 87). On October 18, 2006, Rorie was sentenced to 292 months on the § 846 conspiracy count, and 60 months consecutive on the § 924(c) count, for a total aggregate sentence of 352 months imprisonment, to be followed by 10 years of supervised release (consisting of 10 years as to Count 1 and 5 years as to Count 10, all such terms to run concurrently) with Judgment entered on December 21, 2006. (Docs. # 190 & # 204). Petitioner filed a notice of appeal on October 30, 2006, and the Fourth Circuit affirmed by unpublished per curiam opinion on January 22, 2008. (Docs. # 194 & # 218). Petitioner did not file a petition for rehearing or for writ of certiorari.

On March 29, 2010, Petitioner, proceeding pro se, filed the current motion under 28 U.S.C. § 2255 asserting a single ground for relief. (Doc. # 260). On April 30, 2012, the Government filed a motion to dismiss and a supporting memorandum in opposition to Petitioner's petition. (Doc. # 267). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed May 1, 2012 that he had thirty-four days to file any material in opposition to the Government's motion. (Doc. # 268). Petitioner filed a response on June 1, 2012. (Doc. # 283). The matter is now ripe for decision.

## 28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set

aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se motion, and finds that no hearing is necessary.

**STANDARD OF REVIEW**

The Government has moved to dismiss Petitioner's Petition in its entirety. (Doc. # 267). Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." It has been noted that "[a]

3

motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint, as governed by Rule 8." Federal Trade Commission v. Innovative Marketing, Inc., 654 F.Supp.2d 378, 384 (D. Md. 2009). The Supreme Court has held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The Supreme Court noted that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and noted that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. See also Harman v. Unisys Corp., 2009 WL 4506463 *2 (4th Cir. 2009). The Court added that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions," and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

## DISCUSSION

Petitioner asserts a single ground for relief set forth verbatim as follows:

1. Right not to receive an enhanced statutory sentence based on an incorrect interpretation of the term "felony" as defined in 21 USC § 802 (44) this subsequent interpretation make [sic] clear petitioner's recidivism offense is based on an non-existent offense.

The Government opposes Petitioner's motion and asks that this Court dismiss Petitioner's 28 U.S.C. § 2255 petition as untimely under the applicable statute of limitations; or in the alternative, that it dismiss the Petition for failure to state a claim on which relief may be granted.

28 U.S.C. § 2255 allows a prisoner claiming the right to be released on the basis that his

sentence was imposed in violation of the Constitution or laws of the United Sates to move the Court in which his sentence was imposed to vacate, set aside, or correct the sentence. However, under 28 U.S.C. § 2255(f), a one-year period of limitation applies to any motion filed under § 2255. The limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As Petitioner filed a direct appeal, his conviction became final approximately three years and 11 months before he filed the current § 2255 Motion-when the time for filing a writ of certiorari (90 days) expired. See Clay v. United States, 537 U.S. 522, 525 (2003)("[f]or the purpose of starting the clock on § 2255's one-year limitation period... a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). Under Sup. Ct. R. 13(1) and (3), a petition for a writ of certiorari must be filed within 90 days after the entry of judgement by the court of appeals, unless a petition for rehearing is timely filed, in which case the time runs from the denial of that petition, or if rehearing is granted, the

5

subsequent entry of judgment. See also United States v. Hernandez, 436 F.3d 851, 856 (8th Cir.2006) (criminal defendant's conviction did not become "final" for the purposes of a section 2255 petition until ninety days after the court of appeal issued its ruling on direct appeal). In this case, the Fourth Circuit affirmed Petitioner's conviction and sentence on January 22, 2008, and the judgement was entered on that same date. (Docket Entries 218, 219, 219-1). Because Petitioner did not file a petition for rehearing or for writ of certiorari, his conviction became final ninety days later, on April 21, 2008. Petitioner had one year, specifically until April 21, 2009, in which to file his § 2255 Motion. However, Petitioner did not file his Motion until March 29, 2012, over three years and 11 months after his judgment became final. Thus, his § 2255 Motion is untimely by over two years and 11 months under § 2255(f)(1).

Furthermore, none of the other three potential triggering dates set forth in Section 2255(f) apply to this case. Nowhere in his 2255 Motion does Petitioner allege, much less establish, that the Government engaged in any unconstitutional or otherwise illegal action which prevented him from making his § 2255 Motion under § 2255(f)(2). Neither does Petitioner allege, much less establish, any newly discovered facts which would affect the starting date of the limitation period under §2255(f)(4). Rather, Petitioner claims his motion is timely under § 2255(f)(3) based on the Supreme Court's decision Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010). However, this case does not trigger the application of § 2255(f)(3). Under § 2255(f)(3), a Supreme Court decision making a new right retroactive on collateral review would allow a prisoner to assert the right in a § 2255 motion brought within one year of the Supreme Court decision. However, at this point, neither the Supreme Court nor the Fourth Circuit has held that Carachuri-Rosendo v. Holder applies retroactively to cases on collateral review. Even district courts have usually been reluctant, based on the dearth of

authority on this point, to apply this decision retroactively. See United States v. Warner, 2012 WL 217309, *2 (W.D.Va. Jan. 24, 2012); Walker v. United States, 2011 WL 1337409, *3 (E.D.N.C. April 7, 2011); Powell v. United States, 2011 WL 32519, *4 (W.D.N.C. Jan. 4, 2011); Thomas v. Holland, 2011 WL 2446373, *4-5 (E.D.Ky. June 15, 2011); but see Farrior v. United States, 2011 WL 5830433, *2 (E.D.N.C. Nov. 17, 2011). Thus, the Court is not sufficiently persuaded that Carachuri-Rosendo v. Holder applies retroactively to cases on collateral review to reset the clock on the limitation period under § 2255(f)(3).

However, because the retroactivity of Carachuri-Rosendo v. Holder may be debatable, the Court notes that even if Carachuri-Rosendo v. Holder was applied retroactively, Petitioner's § 2255 Motion would still be untimely because it was filed more than one year after the Supreme Court's decision. Carachuri-Rosendo v. Holder was decided on June 14, 2010, but Petitioner's § 2255 Motion was not filed until March 29, 2012, approximately 21 months later. Thus, Petitioner's § 2255 Motion is untimely under § 2255(f)(3).

Furthermore, Petitioner has made no showing that the doctrine of equitable tolling should be applied in his case to excuse his untimeliness. See Harris v. Hutchinson, 209 F.3d 325, 330-331 (4th Cir. 2000). Petitioner has not alleged that the Government engaged in any wrongful conduct that precluded him from filing his § 2255 Motion, nor that any "extraordinary circumstances" beyond his control prevented him from filing his motion within the statute of limitations. Harris, 209 F.3d at 330. The Court's review of the record reveals no viable grounds to invoke equitable tolling.

Accordingly, because Petitioner's § 2255 Motion was not brought within one year of the latest of the four triggering dates enumerated in 28 U.S.C. § 2255(f), and the doctrine of equitable tolling is inapplicable, his Motion is untimely and the Court concludes that it should be dismissed

on that basis.

Even if this Court were to reach the merits of Petitioner's claim it would find that the Supreme Court's ruling in Carachuri-Rosendo v. Holder is inapplicable to this case and that Petitioner's prior conviction clearly qualifies as felony drug conviction under 21 U.S.C. 841(b)(1)(A). In Carachuri-Rosendo v. Holder the felony status of the conviction in question was contingent upon the defendant being enhanced based on the fact of a prior conviction. 130 S. Ct. at 2589-90. Carachuri-Rosendo v. Holder has no application to Petitioner's prior possession of cocaine conviction. A South Carolina conviction for possession of cocaine, even for a first offense, carries a maximum sentence of imprisonment of more than one year under S.C. Code Ann. §§ 44-53-370(c) and (d). In fact, the Supreme Court has specifically held that a South Carolina conviction for possession of cocaine is a conviction for a "felony drug offenses" for purposes of 21 U.S.C. §§ 841(b)(1)(A) and 851. See Burgess v. United States, 553 U.S. 124, 126 (2008) (South Carolina conviction for possession of cocaine is a conviction for a "felony drug offense", as that term is used in § 841(b)(1)(A), because it is "punishable by more than one year," regardless of the fact that the state of conviction classified the offense as a misdemeanor).[1]

## **CONCLUSION**

For the foregoing reasons, the Government's motion to dismiss is **GRANTED** (Doc. # 267) and Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DISMISSED** (Doc. # 260).

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of

---

[1]Finally, as noted above, even if this Court were to consider the merits of Petitioner's claim and find that the 20-year statutory minimum was erroneously applied in his case, that finding would have no impact on his sentence for the § 846 conspiracy count because it was above the applicable statutory minimum under 21 U.S.C. § 841(b)(1)(A).

appealability as to the issues raised herein.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

    **IT IS SO ORDERED**.

s/Terry L. Wooten  
TERRY L. WOOTEN  
United States District Judge

August 17, 2012  
Florence, SC